Filed 1/12/26  P. v. Atwell CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MICHAEL VINCENT ATWELL,<br><br>     Defendant and Appellant. | F083580<br><br>(Super. Ct. No. F21904262)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

A jury convicted Michael Vincent Atwell (defendant) of second degree robbery and possession of a firearm by a felon, and the court found true that defendant's 2014 conviction for active participation in a criminal street gang (Pen. Code,[1] former § 186.22, subd. (a)) was a prior serious felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  On appeal, defendant argued that he is entitled to a remand to permit the trial court to reconsider his request to strike his prior serious felony conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 in light of subsequent amendments to section 186.22.  We affirmed the judgment.

Our prior opinion was vacated by our Supreme Court with directions to reconsider whether *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*) requires resentencing defendant.  In accordance with the direction from the Supreme Court, we vacated our earlier opinion and gave the parties an opportunity to file supplemental briefing.  Neither party filed supplemental briefing.  We affirm defendant's convictions but, in light of the Supreme Court's decision in *Fletcher*, we vacate the trial court's finding that defendant's 2014 conviction for violating former section 186.22, subdivision (a) constituted a prior serious felony conviction for purposes of Three Strikes sentencing and imposition of a prior serious or violent felony conviction enhancement.  (See *Fletcher*, at p. 583.) Defendant's sentence is vacated, and this matter is remanded for further proceedings consistent with this opinion.  This renders defendant's *Romero* claim moot, and we do not reach it.  Except as modified, judgment is affirmed.

---

[1]    Undesignated statutory references are to the Penal Code.

**SUMMARY OF CASE**[2]

Defendant and Ashley Elizabeth Brown offered J.A. a ride one evening. Once in the vehicle, defendant and Brown pulled out firearms and ordered J.A. to get out of the vehicle and to leave his belongings, which were valued at approximately $1,350 and included an Xbox gaming system, clothing, money, and a cellphone.

The District Attorney of Fresno County filed an information on June 25, 2021, charging defendant with second degree robbery (§ 211; count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). The information also alleged defendant personally used a firearm (§ 12022.53, subd. (b)) as to count 1 and one prior "strike" conviction within the meaning of the Three Strikes law. Defendant pleaded not guilty and denied the prior serious or violent felony conviction allegation.

A jury convicted defendant of both counts and found true the personal use of a firearm enhancement on September 24, 2021, after an eight-day jury trial. After defendant waived his right to a jury trial regarding his prior conviction, the prosecutor introduced into evidence certified copies of records relating to defendant's 2014 conviction for active participation in a criminal street gang (former § 186.22, subd. (a)) and witness testimony explaining the records. The evidence showed that on September 5, 2013, a felony complaint was filed in the Superior Court of Santa Clara County alleging that defendant carried a concealed firearm in a vehicle (§ 25400, subd. (a)(1)) and committed the offense for the benefit of a criminal street gang with the intent to promote criminal conduct by gang members (§ 186.22, subd. (b)(1)(A)), carried a loaded firearm (§ 25850, subd. (a)), and committed second degree burglary with another individual (§§ 459–460, subd. (b)). On June 27, 2014, defendant completed a change of plea form for that case (and a second case) that provided: he would plead no contest to the added

---

[2] We only briefly summarize the underlying facts because they are not relevant to the issue raised by defendant on appeal.

charge of participation in a gang pursuant to former section 186.22 subdivision (a), a felony; that the maximum sentence for the charge was three years eight months; and that the conviction would qualify as a serious or violent felony (a strike offense). The minute order for the change of plea also indicated that defendant pleaded no contest to the added count that charged a violation of former section 186.22, subdivision (a) as a felony. Defendant was sentenced to three years formal probation in that Santa Clara County case on August 19, 2014. The remaining charges of the complaint were dismissed.

In the instant case, the trial court found true that defendant had previously been convicted of former section 186.22, subd. (a), a prior serious felony conviction under the Three Strikes law.

The trial court later denied defendant's motion to strike his prior serious felony conviction because robbery is a serious offense, he was a danger to society, and he was not outside the spirit of the Three Strikes law because he was involved in continuous criminal activity that included seven felonies since 2013. The trial court sentenced defendant to 21 years in prison as follows: six years (twice the middle term of three years), plus 10 years (§ 12022.53, subd. (b)), plus five years (§ 667, subd. (a)) as to count 1; and a concurrent term of four years (twice the middle term of two years) as to count 2. The trial court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $7,500 restitution fine (§ 1202.4, subd. (b)), and a suspended $7,500 parole revocation restitution fine (§ 1202.45).

Defendant timely appealed on November 23, 2021, and requested that we remand his case for resentencing to permit the trial court to re-evaluate his *Romero* motion in light of recent amendments to section 186.22 by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). Defendant contended that had he been sentenced after the effective date of amendments to section 186.22, the prosecution would have been required to prove that his 2014 conviction for violation of former section 186.22, subdivision (a) was still a crime under the amendments in order to qualify as a prior

4.

serious felony conviction.  The People responded that defendant's argument is an impermissible collateral attack on his prior conviction and that defendant's 2014 prior conviction for active participation in a criminal street gang pursuant to former section 186.22, subdivision (a) is unaffected by recent amendments to section 186.22. We agreed and affirmed the judgment.

Our prior opinion was vacated by our Supreme Court with directions to reconsider whether *Fletcher, supra*, 18 Cal.5th 576 requires resentencing defendant.  Having received no additional briefing, we nonetheless agree that *Fletcher* requires us to vacate the trial court's prior serious felony conviction finding and remand for further proceedings and resentencing.

## DISCUSSION

### I.  Entitlement to Relief from Prior Conviction Finding Given Assembly Bill 333's Amendment to Section 186.22

Effective January 1, 2022 (Stats. 2021, ch. 699), "[t]he Legislature enacted Assembly Bill 333 'to narrow the definition of criminal street gang in order to focus on "true gang-related crimes," having determined that "in practice the original definition of a criminal street gang was not narrowly focused on punishing true gang-related crimes." [Citation.] ...  [T]he Legislature in Assembly Bill 333 "redefined the term 'criminal street gang' so as to truly target the population of criminals for which an enhanced punishment is warranted." ' (*People v. Rojas* (2023) 15 Cal.5th 561, 576 []; see Assem. Com. on Public Safety, Analysis of Assem. Bill 333, as amended Mar. 30, 2021, p. 4 [Assem. Bill 333 ' "ensur[es] gang enhancements are only used when necessary and fair" '].)" (*Fletcher, supra*, 18 Cal.5th at p. 586, first & fourth bracketed insertion added.)  "As noted, Assembly Bill 333 made significant changes to the elements of gang offenses and enhancements as defined in section 186.22." (*Ibid.*, citing *People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

Defendant was convicted before the amendment to section 186.22, but for purposes of sentencing under the Three Strikes law and imposition of a prior serious felony conviction enhancement, the trial court found true that in 2014, defendant was convicted of active participation in a criminal street gang in violation of former section 186.22, subdivision (a), which is a serious felony.  (§§ 667, subd. (d)(1), 1192.7, subd. (c)(28).)  Courts of Appeal were split on whether prosecutors were required to prove prior gang convictions under section 186.22 as amended by Assembly Bill 333 or whether it was sufficient to show a conviction under the statute in effect at the time of the prior conviction.  (*Fletcher, supra*, 18 Cal.5th at p. 583.)  Based on this split of authority, defendant claimed entitlement to reconsideration of his motion to strike by the trial court related to his 2014 gang conviction because the conviction no longer met the elements of section 186.22, subdivision (a), as amended by Assembly Bill 333.  The People disputed any entitlement to relief.

In *Fletcher*, which was decided after defendant's petition for review by the Supreme Court was granted, the Supreme Court resolved the split of authority in defendant's favor and held that "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements."  (*Fletcher, supra*, 18 Cal.5th at p. 583.)  Therefore, in accordance with *Fletcher*, we vacate the trial court's finding that defendant's 2014 conviction for violating former section 186.22 subdivision (a), is a serious felony within the meaning of the Three Strikes law and for purposes of imposing a prior serious felony conviction enhancement.  (See *Fletcher*, at p. 608.)  On remand, the People may elect to retry the prior conviction allegation under section 186.22, subdivision (a), as amended by Assembly Bill 333.  (See *Fletcher*, at p. 608.)

## DISPOSITION

The trial court's finding that defendant's 2014 conviction for violating former section 186.22, subdivision (a) constitutes a prior serious felony conviction within the meaning of the Three Strikes law and for the purpose of imposing a prior serious felony conviction enhancement is vacated. Defendant's sentence is vacated, and this matter is remanded for further proceedings to include the option to retry the allegation and for resentencing. In all other respects, defendant's judgment is affirmed.


HILL, P. J.

WE CONCUR:


PEÑA, J.


MEEHAN, J.

7.